IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES MCNEIL<br>1811 Greenwich Wood Dr., #12<br>Silver Spring, Maryland 20903 | :<br>:<br>:<br>: |
| Plaintiff, | :<br>: |
| v. | : **Case No.** 1:07-cv-00922 |
| WASTE MANAGEMENT<br>OF MARYLAND, INC<br>4900 Beach Place<br>Temple Hills, MD 207248 | :<br>:<br>:<br>:<br>: |
| AKA:<br>WASTE MANAGEMENT OF<br>GREATER WASHINGTON, INC.<br>4900 Beach Place<br>Temple Hills, MD 20748 | :<br>:<br>:<br>:<br>: |
| Defendant | :<br>: |
| Serve Resident Agent | :<br>: |
| CT CORPORATION<br>300 E LOMBARD ST<br>BALTIMORE, MD  21202 | :<br>:<br>: |

## FIRST AMENDED COMPLAINT

COMES NOW, the Plaintiff, James McNeil, by and through his attorneys, Timothy F. Maloney, Brian J. Markovitz and the law firm of Joseph, Greenwald & Laake, P.A., and sues the Defendant, Waste Management of Maryland, Inc., AKA Waste Management of Greater Washington, Inc. ("Waste Management"), and in support thereof, states as follows:

## JURISDICTION

1. Jurisdiction is based on D.C. Code §11-921 and §13-423.

**VENUE**

2. This action involves employment discrimination in violation of the District of Columbia Human Rights Act ("DCHRA"), D.C.Code § 2-1401.01 *et seq*. Venue is proper in the District of Columbia because the work Plaintiff performed for Defendant was primarily, if not almost exclusively, within the District of Columbia and because the Defendant resides, is located in, and/or is doing business in the District of Columbia.

**PARTIES**

3. Plaintiff, James McNeil, is a thirty-one (31) year old, male citizen residing at 715 Hidden Marsh Street, Gaithersburg, MD 20877 who is approximately six feet (6') tall and weighs over four-hundred and fifty (450) pounds. Plaintiff has approximately fourteen (14) years of experience driving motorized vehicles with a Certified Driving License ("CDL"), currently holds a "Class A" CDL from the state of Maryland, and has passed all state and Department of Transportation ("DOT") safety tests and requirements, including physicals, to drive vehicles that require a CDL license. A "Class A license: Authorizes the licensee to operate Tractor/Trailer or Combinations of vehicles with a GCWR[1] of 26,001 or more pounds if the GVWR[2] of the vehicles being towed is excess of 10,000 pounds." *See Commercial Driver's License (CDL) Manual (form # DL-151)*, Maryland Motor Vehicle Administration, at i, available at <http://www.marylandmva.com/Resources/DL-151.pdf >, visited May 14, 2007.

4. Defendant, Waste Management is a Maryland corporation doing business in the District of Columbia.

---

[1] GCWR means "gross combination weigh rating." *See Commercial Driver's License (CDL) Manual (form # DL-151)*, Maryland Motor Vehicle Administration, at i, available at <http://www.marylandmva.com/Resources/DL-151.pdf >, visited May 14, 2007.
[2] GVWR means "gross vehicle weight rating." *Id.*

2

## FACTS

5. At all times relevant to this Complaint, Plaintiff was certified with a Class A license from the state of Maryland and could drive CDL required vehicles in the state of Maryland and the District of Columbia, as well all other states. Plaintiff, in fact, holds and has held for approximately fourteen (14) years his CDL so that he can drive trucks and other vehicles that require a CDL license. Since turning the age of majority, the only positions held by Plaintiff have been driving CDL required vehicles such as trucks.

6. Prior to working for Defendant, Plaintiff worked for ten (10) years for Allied Waste Service (BFI), a competitor of Defendant, performing almost exactly the same duties he performed as a truck driver for Defendant — namely, driving the same type of vehicles.

7. Because of Plaintiff's height (six feet tall) and weight (over four-hundred fifty (450) pounds), he meets the accepted medical definition of "morbidly obese." *See* National Library of Medicine, National Institutes of Health, Medical Encyclopedia, *Morbid Obesity* (visited May 14, 2007) <http://www.nlm.nih.gov/medlineplus/ency/article/003102.htm> (defining "morbid obesity" as anyone with "a BMI (body mass index) value greater than 39"),[3] attached as Exhibit One to the Complaint; National Institutes of Health, National Heart, Lung, and Blood Institute, *Body Mass Index Table* (visited May 14, 2007) <http://www.nhlbi.nih.gov/guidelines/obesity/bmi_tbl.pdf> (demonstrating that anyone who weighs over two-hundred eighty-seven (287) pounds, who is at Plaintiff's height of six feet

---

[3] Mr. McNeil's BMI is 61.024. His BMI was calculated as follows:
  a. 450 pounds times 703 = 316,350
  b. Divided by height in inches or 72 inches = 4393.75
  c. 4395.7 divided again by height in inches or 72 inches = 61.024.

*See National Library of Medicine, National Institutes of Health*, *Medical Encyclopedia*, *Body mass index* (visited May 14, 2007) <http://www.nlm.nih.gov/medlineplus/ency/article/007196.htm> (explaining how to calculate BMI), attached as Exhibit Two to the Complaint.

3

tall (or seventy-two 72 inches), has a BMI over 39 and is therefore, "morbidly obese"), attached as Exhibit Three to the Complaint. Plaintiff has maintained this weight and height for many years, including his entire adult life.

8. Plaintiff has suffered from obesity since birth and has suffered from physiological problems that cause his obesity. He has been on high blood pressure medication since the age of 13 and is still on this regimen at the age of 33. In elementary school, Plaintiff was teased due to his size, and suffered constant ridicule and emotional devastation. In middle school, Plaintiff constantly had problems fitting into the desk and chairs because they were too small for him.

9. In high school, Plaintiff was teased by his peers due to his size as well. Plaintiff was almost denied the ability to walk with his graduation class from high school because the school did not have a graduation gown that would fit him. Plaintiff had to purchase two gowns and have them put them together so that he would be able to attend commencement ceremonies.

10. Currently, Plaintiff is on a constant regimen of blood pressure medication and inhalers, suffers from back problems, and sometimes finds it difficult to walk long distances.

11. Plaintiff's weight greatly affects his walking, caring for himself, running, breathing, ability to socialize with other people, and other major life activities. These major life activities have been and are significantly restricted by his weight such that he cannot perform these activities in the same or even similar capacity to that of an average person in the general populace.

12. On or about April 17, 2006, Plaintiff was hired as a Truck Driver for Waste Management at 4900 Beech Place, Temple Hills, MD 20748 location. His job was to collect waste and trash located in the District of Columbia for disposal.

13. Prior to being hired by Waste Management, Plaintiff passed both Waste Management's internal health and safety tests (a fitness for duty test on or about April 17, 2006), as well as all required DOT and state testing and licensing requirements.

14. Plaintiff's first day of work for Defendant was on or about May 1, 2006.

15. Plaintiff's work day went as follows: Plaintiff would pick up his truck at the Defendant's 4900 Beech Drive, Temple Hills, Maryland location and immediately drive over the District of Columbia line to drive his trash route in the District of Columbia. Plaintiff would spend his entire shift within the District of Columbia border driving the truck for trash pick ups and delivering the trash to Defendant's District of Columbia North East Transfer Station, only leaving the District of Columbia to return his vehicle to the Temple Hills, Maryland facility at the end of his shift.

16. Plaintiff ran this Washington, DC route for Defendant for on or about May 19, 2006 and the following week of May 22-25, 2006 without any difficulties and/or complaints.

17. On or about Friday, May 26, 2006, upon arriving at work, Plaintiff was told that he was to do a "ride along" in a boom truck (one man truck) delivering cans. Upon returning from this job, Plaintiff met with a different manager, the Route Manager, Alan DeVoti. Mr. DeVoti told Plaintiff that he was being terminated because his "size" was a safety issue. Plaintiff inquired as to what safety issues his size presented, explaining that he had passed all safety and health requirements and was a CDL driver for many years. Mr. DeVoti could not explain to Plaintiff what safety issues his driving the vehicle presented.

18. Plaintiff immediately inquired as to whether there were other jobs at the company but was told that he did not qualify for any jobs. Plaintiff also asked whether he could find any way to keep his position by working around the unclearly defined "size" problem that Mr. DeVoti had with Plaintiff doing his job. Plaintiff was told that there was nothing that could be worked out and that he was fired. Plaintiff then left the worksite without being presented any separation paperwork or any written documentation. Plaintiff was never provided the opportunity to find a way to save his job.

19. The following Sunday, on or about May 28, 2006, Plaintiff saw that Defendant was running advertisements in the *Washington Post* for truck drivers in Maryland. This advertisement also ran the following weekend

20. On or about May 23, 2006, Defendant submitted a "Termination Request" to Plaintiff's union, stating that he was terminated because of "Health & Safety – Unable to fit safely in Truck." *See* Termination Request, from Mr. Spriggs, dated May 23, 2006, attached as Exhibit Four to the Complaint.[4] The document also stated that Plaintiff "is **not** Eligible for Rehire." *Id.* (emphasis in original).

21. Plaintiff was shocked by this claim that he could not fit into the truck as he had been driving these types of vehicles for his entire career and had performed the job for a week for Defendant. Plaintiff was also aware that should Defendant feel that he was "unable to fit safely in" the vehicle that he was driving that he could operate several different trucks in Defendant's fleet, including trucks made by Sterling, the Mack LE, the Mack Granite, the Mack MR Frontloader – Model 688S, and the Freightliner Model FL112. All of those trucks could be used to perform his duties as a truck driver and were in Defendant's fleet. However,

---

[4] Plaintiff's social security number has been redacted from this exhibit but the document is otherwise unaltered.

6

despite inquiring about whether he could have an alternative means to save his position, none of these other trucks were offered as a way to accommodate him, and he was informed that he was simply terminated.

22. On or about May 26, 2006, Plaintiff received an email that was contrary to the termination notice sent to the union and the explanation he received verbally from Mr. DeVoti. *See Thank You for considering Waste Management*, from Defendant to Plaintiff, dated May 26, 2006, attached as Exhibit Five to the Complaint. The email stated that Plaintiff was terminated "based on a careful review of [his] interests and qualifications." *Id.* It also stated that "we will maintain your information for 12 months and notify you if you are selected for future openings better matching your qualifications." Plaintiff found this explanation equally as absurd as he had only ever been professionally interested in driving a truck and had almost fourteen (14) years of experience to qualify him for driving the vehicles.

23. After his termination, Plaintiff filed a complaint at Defendant's integrity help line. To date, he has not received any response to his internal complaint. Moreover, again despite inquiring what he could do to continue to perform at his position, he was never offered any reasonable accommodations by Mr. DeVoti or by Defendant regarding the alleged "size" problem with his work. Plaintiff was simply terminated by Defendant and provided no other options but to permanently leave the workplace.

24. These discriminatory acts took place in the District of Columbia. The work for his position was performed primarily, if not exclusively, in the District of Columbia.

## CAUSES OF ACTION

### COUNT I
### (Personal Appearance Discrimination in Violation of the DCHRA, DC Code §§ 2-1401.02(22); § 2-1402.11, et. seq)

25. Plaintiff adopts and incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

26. Plaintiff was fully qualified and certified to work as a truck driver for Defendant and met all requirements, including health and safety requirements.

27. Plaintiff performed his position well and presented no safety or health threat.

28. Plaintiff was terminated due to his personal appearance "size" in violation of the DCHRA. *See* DC ST § 2-1401.02(22) ("'Personal appearance' means the outward appearance of any person, irrespective of sex, with regard to bodily condition or characteristics . . ."); DC ST § 2-1402.11 (prohibiting employers from terminating or refusing to hire an employee because of that employee's "personal appearance" as defined under the DCHRA).

29. Plaintiff's termination is contrary to the intent of the DCHRA, which states that "[i]t is the intent of the Council of the District of Columbia, in enacting this chapter, to secure an end in the District of Columbia to discrimination for any reason other than that of individual merit, including, but not limited to, discrimination by reason of . . . personal appearance . . . ." *Id.* at § 2-1401.01.

WHEREFORE, the Plaintiff demands judgment against Defendant, Waste Management, in the sum of One Million Dollars ($1,000,000.00) in economic and compensatory damages, One Million Dollars ($1,000,000.00) in punitive damages, plus

interest, as well as attorneys fees and costs, and further and additional relief as the nature of the case may require and which this Honorable Court shall deem just and proper.

## COUNT II

### (Disability Discrimination in Violation of the DCHRA, DC Code §§ 2-1401.02.5A; § 2-1402.11, et. seq)

30. Plaintiff adopts and incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

31. Plaintiff was fully qualified and certified to work as a truck driver for Defendant and met all requirements, including health and safety requirements.

32. Plaintiff performed his position well, was otherwise qualified to perform his position with or without a reasonable accommodation, and presented no safety or health threat.

33. Plaintiff was terminated because he is disabled and/or has a record of such disability and/or was regarding as being disabled in violation of the DCHRA.  *See* D.C.Code § 2-1401.02.5A.

34. Plaintiff's termination is contrary to the intent of the DCHRA, which states that "[i]t is the intent of the Council of the District of Columbia, in enacting this chapter, to secure an end in the District of Columbia to discrimination for any reason other than that of individual merit, including, but not limited to, discrimination by reason of . . . disability . . .." *Id.* at § 2-1401.01.

35. Defendant's termination of Plaintiff is a violation of the DCHRA.  *See* DC ST § 2-1402.11 (prohibiting employers from terminating or refusing to hire an employee because of that employee's "disability" as defined under the DCHRA).

36. Defendant never offered Plaintiff an opportunity to have a reasonable accommodation to perform his job despite Plaintiff requesting an opportunity to save his position. Plaintiff could have performed his position with or without a reasonable accommodation.

WHEREFORE, the Plaintiff demands judgment against Defendant, Waste Management, in the sum of One Million Dollars ($1,000,000.00) in economic and compensatory damages, One Million Dollars ($1,000,000.00) in punitive damages, plus interest, as well as attorneys fees and costs, and further and additional relief as the nature of the case may require and which this Honorable Court shall deem just and proper.

Respectfully submitted,

JOSEPH, GREENWALD & LAAKE, P.A.


By: _____
Timothy F. Maloney, D.C. Bar #416522
Brian J. Markovitz, D.C. Bar # 481517
6404 Ivy Lane, Suite 400
Greenbelt, MD  20770
(301) 220-2200
(301) 220-1214 (facsimile)
*Attorneys for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues of triable fact in the foregoing compliant.

_____
Brian J. Markovitz

## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES MCNEIL<br>1811 Greenwich Wood Dr., #12<br>Silver Spring, Maryland 20903<br><br>             Plaintiff,<br><br>             v.<br><br>WASTE MANAGEMENT<br>OF MARYLAND, INC<br>4900 Beach Place<br>Temple Hills, MD 207248<br><br>AKA:<br>WASTE MANAGEMENT OF<br>GREATER WASHINGTON, INC.<br>4900 Beach Place<br>Temple Hills, MD 20748<br><br>             Defendant<br><br>Serve Resident Agent<br><br>CT CORPORATION<br>300 E LOMBARD ST<br>BALTIMORE, MD  21202 | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: **Case No.**  1:07-cv-00922<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## **L I N E**

SIR/MADAM CLERK:

   The Plaintiff respectfully requests the issuance of summonses for the above-named

Defendant and the kindly return of such to the undersigned for service by private process.

        Respectfully submitted,

        JOSEPH, GREENWALD & LAAKE, P.A.


        By: _____
            Timothy F. Maloney, D.C. Bar #416522
            Brian J. Markovitz, D.C. Bar # 481517
            6404 Ivy Lane, Suite 400
            Greenbelt, MD 20770
            (301) 220-2200
            (301) 220-1214 (facsimile)
            *Attorneys for Plaintiff*