IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES McNEIL, ) | |
| ) | |
|       Plaintiff, ) | |
| ) | Civil Action No. 1:07-CV-00922 |
| v. ) | |
| ) | |
| WASTE MANAGEMENT OF MARYLAND, INC., ) | |
| ) | |
|       Defendant. ) | |

## ANSWER

Defendant, Waste Management of Maryland, Inc., ("Waste Management")[1], by its undersigned counsel and pursuant to Rule 8(b) and Rule 12 of the Federal Rules of Civil Procedure, respectfully answers Plaintiff's Amended Complaint and states:

1. Denied.

2. Denied.

3. Waste Management lacks sufficient knowledge or information to either admit or deny the allegations in Paragraph 3 of the Complaint, and therefore, these allegations are denied.

4. Admitted.

5. Waste Management lacks sufficient knowledge or information to either admit or deny the allegations in Paragraph 5 of the Complaint, and therefore, these allegations are denied.

6. Waste Management lacks sufficient knowledge or information to either admit or deny the allegations in Paragraph 6 of the Complaint, and therefore, these allegations are denied.

---

[1] Defendant notes it is not known as "Waste Management of Greater Washington, Inc.," and that there is no such corporate entity.

7. Waste Management lacks sufficient knowledge or information to either admit or deny the allegations in Paragraph 7 of the Complaint, and therefore, these allegations are denied.

8. Waste Management lacks sufficient knowledge or information to either admit or deny the allegations in Paragraph 8 of the Complaint, and therefore, these allegations are denied.

9. Waste Management lacks sufficient knowledge or information to either admit or deny the allegations in Paragraph 9 of the Complaint, and therefore, these allegations are denied.

10. Waste Management lacks sufficient knowledge or information to either admit or deny the allegations in Paragraph 10 of the Complaint, and therefore, these allegations are denied.

11. Waste Management lacks sufficient knowledge or information to either admit or deny the allegations in Paragraph 12 of the Complaint, and therefore, these allegations are denied.

12. Admitted that Plaintiff was hired, but the hiring date is May 1, 2006, and denied his job was to work solely in the District of Columbia.

13. Admitted the Plaintiff was given a physical, denied he was given a safety test at that time.

14. Admitted.

15. Denied.

16. Denied.

17. Denied as stated. Plaintiff's employment was terminated because he could not safely drive and operate the truck he was hired to drive.

18. Denied.

2

19. Waste Management lacks sufficient knowledge or information to either admit or deny the allegations in Paragraph 19 of the Complaint, and therefore, these allegations are denied.

20. Admitted.

21. Denied.

22. Waste Management lacks sufficient knowledge or information to either admit or deny the allegations in Paragraph 22 of the Complaint, and therefore, these allegations are denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

Waste Management denies that Plaintiff is entitled to any relief whatsoever.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

All other allegations set forth in Plaintiff's Complaint not heretofore admitted or denied are hereby specifically and fully denied.

## PRAYER FOR RELIEF

Waste Management denies that Plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

All the alleged discriminatory acts occurred in Maryland, and thus there can be no claims under the District of Columbia Human Rights Act. Indeed, Plaintiff is estopped to argue otherwise, and elected his remedy, by filing a charge in Maryland.

### THIRD AFFIRMATIVE DEFENSE

The venue is inappropriate, and the case should be transferred to Maryland where the alleged discriminatory acts occurred, and the witnesses are located.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by election of remedies, and the doctrine of estoppel.

### FIFTH AFFIRMATIVE DEFENSE

Waste Management reasonably accommodated the Plaintiff by seeing if the Plaintiff could drive two other types of trucks, when he was unable to drive the truck he was hired to drive, and by offering to allow Plaintiff to be rehired if he could demonstrate he could safely fit in the truck and he could perform his job as a driver, and a police officer (active or retired) certified the Plaintiff could safely drive the truck and perform his duties as a driver.

## SIXTH AFFIRMATIVE DEFENSE

While Waste Management expressly denies that any of its employees, officers or agents acted in any manner that would constitute discrimination in violation of the Americans With Disabilities Act, if Plaintiff's rights were violated, any such violation occurred outside the scope of employment or agency and without the consent of Waste Management. Waste Management did not authorize, condone, ratify or tolerate discrimination, but instead prohibited it, and such conduct may not be attributed to Waste Management through principles of agency, respondeat superior or otherwise.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because of his failure to exhaust applicable administrative remedies, and possibly the applicable statute of limitation.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate damages properly.

## NINTH AFFIRMATIVE DEFENSE

Waste Management states that Plaintiff's termination of employment with Waste Management was legitimate, based on lawful reasons and in accordance with Company policy and applicable law.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for punitive damages are barred because the alleged acts or omissions of Waste Management fail to raise to the level required to sustain an award of punitive damages, do not evidence a malicious, reckless or fraudulent intent to deny Plaintiff his protected rights and are not so wanton or willful as to support an award of punitive damages.

WHEREFORE, Waste Management respectfully requests judgment dismissing the Complaint in its entirety and that judgment be entered in its favor and that its be awarded its costs, inclusive of attorneys' fees and such other relief as the Court may deem just and proper.

    Respectfully submitted,

    WASTE MANAGEMENT OF MARYLAND, INC.

    By _/s/ Lawrence P. Postol_
    Lawrence P. Postol, DC Bar No. 239277
    SEYFARTH SHAW LLP
    815 Connecticut Avenue, N.W., Suite 500
    Washington, DC 20006-4004
    (202) 463-2400

    Its Attorneys

Dated: June 27, 2007

DC1 30200323.2

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing Answer was served by first class mail, postage prepaid, this 27th day of June, 2007, upon:

> Timothy F. Maloney, Esquire
> Brian J. Markovitz, Esquire
> Joseph, Greenwald & Laake, PA
> 6404 Ivy Lane, Suite 2400
> Greenbelt, MD  20770

_____
Lawrence P. Postol